IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

       Petitioner,

vs.                                                                                                        No. CIV 24-0188 JB/GJF

RONALD MARTINEZ, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Petitioner's Letter-Motion to Dismiss Without Prejudice, filed May 31, 2024. See Motion to Dismiss Without Prejudice (Doc. 4)("Motion"). Petitioner Ernesto J. Benavidez initiated this case on February 26, 2024, by filing a Motion Computing Time to Commence Federal Habeas Before Deadlines, filed February 26, 2024 (Doc. 1)("Habeas Letter"). In the Habeas Letter, Benavidez states that he currently is exhausting his state habeas remedies. See Habeas Letter at 1. Benavidez also appears to seek a calculation of the statutory deadline to file a 28 U.S.C. § 2254 habeas petition or an extension of the statutory deadline, if it has already lapsed. See Habeas Letter at 1. The Habeas Letter does not include, however, sufficient information to discern when Benavidez' State criminal judgment became final, which typically triggers the start of the one-year habeas limitation period. See 28 U.S.C. § 2244(d) (addressing § 2254 petitions and noting that the one-year period begins to run on the date the State conviction became final, unless tolling or other exceptions apply).

       By the Order of Reference Relating to Prisoner Cases, filed February 28, 2024 (Doc. 2), the Court referred this matter to the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico. Magistrate Judge Fouratt

directed Benavidez to file his claims on the form 28 U.S.C. § 2254 habeas petition, and either to prepay the $5.00 habeas filing fee or to file a motion to proceed in forma pauperis. See Order to Cure Deficiencies, filed May 20, 2024 (Doc. 3)("Cure Order").  The Cure Order warns that the failure to comply with both directives within thirty days may result in dismissal of this case without further notice.  See Cure Order at 1.

In response, Benavidez filed the Motion.  See Motion at 1.  The Motion states that this case was "filed prematurely" and that Benavidez has not yet "exhausted his state remedies."  Motion at 1.  The Court discerns that Petitioner seeks to voluntarily dismiss the Habeas Letter without prejudice to refiling, once the exhaustion process is complete.  Rule 41(a)(1) of the Federal Rules of Civil Procedure permits plaintiffs to dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  The right to dismiss without prejudice is absolute, where the rule applies.  See Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003)(stating that rule 41(a)(1) grants "an absolute right to dismiss without prejudice").  Courts can apply rule 41 of the Federal Rules of Civil Procedure to habeas corpus proceedings.  See DeAtley v. Williams, 782 Fed. App'x 736, 737 (10th Cir. 2019)(affirming district court's dismissal of habeas petition under Rule 41);[1] Manygoat v. Jacobs,

---

[1] Mitchell v. Dowling is an unpublished opinion, but the Court can rely on a United States Court of Appeals for the Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).  The Court concludes DeAtley v.

347 F. Supp. 3d 705, 707 (D.N.M. 2018)(Browning, J.)(dismissing habeas corpus petition under Rule 41(b)).

Here, Benavidez has not served the Habeas Letter on Respondent; no other party has entered an appearance or filed a responsive pleading; and the case is still in the screening phase. Accordingly, the Court will grant Benavidez's Motion and dismiss the Habeas Letter without prejudice to refiling. This proceeding will not count as Benavidez's "first" habeas filing, for purposes of the restrictions on second/successive habeas claims. 28 U.S.C. § 2244(a)(noting that federal district courts only have jurisdiction to adjudicate claims in a first habeas petition). To the extent necessary, the Court also will deny a certificate of appealability ("COA") under rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1977, as amended to December 1, 2019, since the entitlement to voluntary dismissal is not reasonably debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(concluding that a COA may only issue where reasonable jurists would debate the result); DeAtley v. Williams, 782 F. App'x at 737 (declining to issue a COA after district court dismissed habeas petition under Rule 41).

**IT IS ORDERED** that: (i) the Petitioner's Letter-Motion to Dismiss Without Prejudice, filed May 31, 2024 (Doc. 4), is granted; (ii) Benavidez's Motion Computing Time to Commence Federal Habeas Before Deadlines, filed February 26, 2024 (Doc. 1), is dismissed without prejudice; (iii) to the extent necessary, a certificate of appealability is denied; and (iv) the Court will enter a separate Final Judgment closing the civil case.

---

Williams, 782 Fed. App'x 736, 737 (10th Cir. 2019), has persuasive value with respect to material issues in this case, and will assist the Court in its preparation of this Memorandum Opinion and Order.

- 4 -

                                                                                             _____
                                                                       UNITED STATES DISTRICT JUDGE

*Parties:*

Ernesto J. Benavidez
Las Cruces, New Mexico

    *Petitioner pro se*